UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARION GIPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00187-NCC |
| ) | |
| STEPHEN N. LIMBAUGH, JR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Darion Gipson's amended complaint. (Docket No. 6). For the reasons discussed below, this action will be dismissed without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the United States Penitentiary, Hazelton, in Bruceton Mills, West Virginia. On August 27, 2020, he filed a civil action on a Court-provided 42 U.S.C. § 1983 complaint form. (Docket No. 1). Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On September 3, 2020, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 5). The Court also directed plaintiff to file an amended complaint, as his original complaint was illegible. Plaintiff was given thirty days in which to comply. He was advised that his amended complaint would be subjected to screening pursuant to 28 U.S.C. § 1915.

On September 21, 2020, plaintiff submitted an amended complaint. (Docket No. 6). He also filed a motion for appointment of counsel, a second motion for leave to proceed in forma pauperis, and a motion for extension of time to file. (Docket No. 7; Docket No. 8; Docket No. 9).

**The Amended Complaint**

Plaintiff's amended complaint is handwritten on a Court-provided 42 U.S.C. § 1983 prisoner civil rights complaint form. In the amended complaint, he names Federal Judge Stephen N. Limbaugh, Jr. and defense attorney Jacob Zimmerman as defendants. (Docket No. 6 at 2-3). Defendants are sued in both their official and individual capacities.

In the "Statement of Claim," plaintiff asserts that Judge Limbaugh violated his Fourteenth Amendment right to due process by failing to send plaintiff to a mental health evaluation in his criminal case.[1] (Docket No. 6 at 4). Plaintiff further claims that Judge Limbaugh failed to give him a "[downward] departure sentence reduction for each one of [his] mental disorders." Specifically, plaintiff states that he has ADHD, bipolar disorder, intermittent explosive disorder, oppositional defiant disorder, mood disorder, borderline intellectual functioning, depression, and antisocial personality disorder. As a result, plaintiff states that he has a due process right to a downward departure of his sentence.

Similarly, plaintiff accuses Attorney Zimmerman of ineffective assistance of counsel by failing to "have the judge or court send [him] to a mental health court evaluation." He further alleges that Attorney Zimmerman was ineffective for not getting "the judge [and] court [to] give [him] a downward departure sentence reduction for each one of [his] mental disorders." Plaintiff

---

[1] Plaintiff's criminal case is *United States v. Daniel, et al.*, No. 1:16-cr-6-SNLJ-2 (E.D. Mo.). On April 19, 2016, plaintiff pleaded guilty to one count of interfering with commerce by threat or violence, and one count of possessing a firearm in furtherance of a crime of violence. On July 26, 2016, he was sentenced to an aggregate term of 154 months' imprisonment and an aggregate term of five years of supervised release.

3

states that this amounts to a violation of his constitutional rights pursuant to the Sixth and Fourteenth Amendments.

As a result of defendants' actions, plaintiff states that he suffers from "mental black downs," and has "almost committed suicide several times." He is seeking $15 million in damages. (Docket No. 6 at 5).

**Discussion**

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983. As his claims are against alleged federal officials, however, his case actually falls under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971). In *Bivens*, the United States Supreme Court enforced a damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures. 403 U.S. at 397. Subsequently, in two other cases, the Supreme Court approved of an implied damages remedy for the violation of the Fifth Amendment's due process clause, and the Eighth Amendment's prohibition on cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-55 (2017). Thus, generally speaking, "[a] *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).

"An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon*, 795 F.3d at 789 n.7. Furthermore, the body of

4

case law regarding § 1983 applies to *Bivens* actions. *Id.* Therefore, even though plaintiff's claims come under *Bivens*, they will be reviewed using case law regarding 42 U.S.C. § 1983.

### A. Claim Against Attorney Zimmerman

Plaintiff has accused Attorney Zimmerman of ineffective assistance of counsel, thereby violating his constitutional rights. As noted above, plaintiff's *Bivens* claim will be analyzed in the same manner as a claim arising pursuant to 42 U.S.C. § 1983.

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 2020 WL 5050364, at *2 (8th Cir. 2020). A defense attorney, however, whether appointed or retained, does not act under color of law, and thus cannot be liable for the alleged deprivation of constitutional rights under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). Furthermore, a defense attorney is not transformed into a federal official "for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law." *Christian*, 907 F.2d at 810.

5

Here, plaintiff alleges that Attorney Zimmerman, an attorney appointed under the Criminal Justice Act, was ineffective by failing to get him a mental health evaluation or a downward departure on his sentence. These are actions within the realm of a defense attorney's "traditional functions as counsel to a defendant in a criminal proceeding." As such, Attorney Zimmerman was not acting under color of law. Because acting under color of law is an essential element to a § 1983 action, plaintiff has failed to state a claim. Therefore, the claim against Attorney Zimmerman must be dismissed.

### B. Official Capacity Claim Against Judge Limbaugh

Plaintiff has sued Judge Limbaugh in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). That is, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Judge Limbaugh is alleged to be employed by the federal government. Pursuant to the doctrine of sovereign immunity, however, the United States cannot be sued without its consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) (stating that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Absent an express waiver, sovereign immunity bars a claim for money damages against the United States, its agencies, and its officers acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (determining that a *Bivens* claim cannot be brought against a federal agency). Because sovereign immunity is jurisdictional in nature, and because no waiver of sovereign immunity applies in this case, plaintiff's claim against Judge Limbaugh in his official capacity must be dismissed.

### C. Individual Capacity Claim Against Judge Limbaugh

Plaintiff has also sued Judge Limbaugh in an individual capacity, alleging that Judge Limbaugh violated his constitutional rights by not having him mentally evaluated, and by not giving him a downward departure on his sentence.

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of a judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, the allegations against Judge Limbaugh regard actions that are clearly judicial in nature. That is, Judge Limbaugh's ruling on whether or not plaintiff should be mentally evaluated, and his determination as to plaintiff's sentence, are actions normally performed by a judge. Moreover, these actions occurred while plaintiff was dealing with Judge Limbaugh in a judicial capacity. Furthermore, there is no indication that Judge Limbaugh's actions were taken in the absence of jurisdiction. Because Judge Limbaugh is immune from suit, he cannot be liable to plaintiff, even if he acted erroneously or in the excess of his authority. Therefore, plaintiff's individual capacity claim against Judge Limbaugh must be dismissed.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 7). The motion will be denied as moot, as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### E. Motion to Proceed in Forma Pauperis

Plaintiff has filed a second motion for leave to proceed in forma pauperis. (Docket No. 8). The Court previously granted plaintiff in forma pauperis status on September 3, 2020, and assessed an initial partial filing fee of $2.79. (Docket No. 5). Therefore, plaintiff's second motion for leave to proceed in forma pauperis will be denied as moot.

### F. Motion for Extension of Time to File

Plaintiff has filed a document construed as a motion for extension of time to file. (Docket No. 9). In the motion, plaintiff states that court forms sent to plaintiff by the Court were thrown in the trash by a correctional officer. Plaintiff therefore seeks an extension of time.

The Court notes that the civil action forms requested by plaintiff have already been resent to him by the Clerk of Court. The Court further notes that plaintiff has already submitted his amended complaint on a Court form as previously ordered. Therefore, the motion for an extension of time to file will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to file (Docket No. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of September, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE